IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGELINA MODISETTE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-2199-B |
| | § | |
| DALLAS AREA RAPID TRANSIT | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Plaintiff Angelina Modisette against her former employer, Dallas Area Rapid Transit ("DART"). On November 30, 2006, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. A *Spears*[1] questionnaire then was sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the questionnaire on December 20, 2006. The court now determines that plaintiff's claims are barred by limitations and should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

II.

Plaintiff was employed as a DART bus driver from November 4, 1995 until January 26, 2005. In January 2005, plaintiff filed a charge of discrimination with the EEOC accusing her immediate supervisor, John Lupkin, of sexual harassment. While that charge was pending, plaintiff was disciplined and eventually terminated for insubordination. On January 31, 2005, plaintiff filed a second EEOC charge alleging that she was fired in retaliation for filing a prior charge of discrimination. After concluding that plaintiff failed to present sufficient evidence of a Title VII violation, the EEOC issued a right-to-sue letter notifying plaintiff of her right to file suit in federal district court "within 90 days from your receipt of this Notice." (*Spears* Quest., Attch.). Plaintiff received the letter on or about April 26, 2005. (*See Spears* Quest. #1). More than 19 months later, on November 30, 2006, plaintiff sued DART for sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq.*

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

>    (1)   is frivolous or malicious;
>
>    (2)   fails to state a claim upon which relief can be granted; or
>
>    (3)   seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved

consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). A court may also dismiss a complaint filed *in forma pauperis* at the preliminary screening stage if it is "clear" that the claims asserted are barred by limitations. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

B.

Under Title VII, an aggrieved party must file suit in federal district court within 90 days after being notified of her right to sue by the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Price v. Digital Equipment Corp.*, 846 F.2d 1026, 1027 (5th Cir. 1988). This limitations period is strictly construed and must not be "disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1287 (2003). While the statute of limitations is subject to equitable tolling in appropriate cases, "[f]ederal courts have typically extended equitable relief only sparingly." *Rowe v. Sullivan*, 967 F.2d 186, 192 (5th Cir. 1992), *quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990). The Fifth Circuit has allowed equitable tolling "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.*; *see also Stith v. Perot Systems Corp.*, No. 3-02-CV-1424-D, 2004 WL 690884 at *5 (N.D. Tex. Mar. 12, 2004) (Fitzwater, J.), *aff'd*, 122 Fed.Appx. 115 (5th Cir. Jan. 31, 2005) (discussing Fifth Circuit requirements for equitable tolling). Stated differently, equitable tolling may apply "where the claimant has vigorously pursued his action, but has inadvertently missed deadlines due to his or her lack of sophistication with the procedural requirements of Title VII claims." *Rowe*, 967 F.2d at 192.

Here, plaintiff received her right-to-sue letter on or about April 26, 2005, but did not file suit until November 30, 2006-- more than 19 months later. It therefore appears that this action is time-barred. In an attempt to salvage her claims, plaintiff asks the court to toll the statute of limitations on equitable grounds because of financial hardships caused by her termination. (*See* Plf. Mot. at 2).[2] However, "[f]inancial hardship . . . is not sufficient to warrant equitable tolling of the limitations period." *Hannahs v. United States*, No. 94-2459-G, 1995 WL 230461 at *3 (W.D. Tenn. Jan. 30, 1995). Plaintiff does not allege, much less offer any evidence, that she actively pursued her judicial remedies during the statutory filing period or was tricked or induced by defendant into allowing the filing deadline to pass. Under these circumstances, there is no basis for equitable tolling. *See Diggs v. Cunningham*, No. 3-04-CV-1367-D, 2005 WL 2174956 at *3 (N.D. Tex. Sept. 6, 2005) (Kaplan, J.), *rec. adopted*, 2005 WL 2317055 (N.D. Tex. Sept. 20, 2005) (declining to toll 90-day limitations period in Title VII action absent proof that plaintiff was actively misled by defendant or actively pursued judicial remedies during filing period).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed on limitations grounds pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file

---

[2] In a motion filed on January 29, 2007, plaintiff alleges for the first time that she did not receive the initial "Dismissal and Notice of Rights Letter" from the EEOC due to the failure of the post office to process a change of address form. (*See* Plf. Mot. at 2). However, in response to an earlier *Spears* questionnaire, plaintiff stated under oath that she received her right-to-sue letter on April 26, 2005. (*Spears* Quest. #1). A copy of that letter was attached to plaintiff's verified response. The court therefore credits plaintiff's earlier sworn testimony regarding the date she received her right-to-sue letter, especially since plaintiff fails to explain how or when she obtained the letter attached to her *Spears* questionnaire.

written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: January 30, 2007.

                                          JEFF KAPLAN
                                          UNITED STATES MAGISTRATE JUDGE